UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LEROY "LEE" YOUNG AND YOUNG CAPITAL MANAGEMENT, LLC,<br><br>Defendants. | Case No.: 3:18-cv-02170-CAB-MDD<br><br>**ORDER ON CONSENT MOTION FOR ENTRY OF FINAL JUDGMENT AS TO DEFENDANT LEROY YOUNG**<br>**[Doc. No. 3]** |

Currently before the Court is the Securities and Exchange Commission's (the "Commission") Consent Motion for Entry of Final Judgment against Defendant Leroy L. Young. [Doc. No. 3.]

**I.  BACKGROUND.**

On September 19, 2018, the Commission filed a Complaint against Defendants Leroy "Lee" Young and Young Capital Management, LLC alleging violations of the antifraud and registration provisions of the federal securities laws. [Doc. No. 1.]

On September 19, 2018, the Commission submitted a consent motion to the Court requesting entry of final judgment in accordance with the terms of the parties' settlement. [Doc. No. 3.]

1

In the consent agreement Defendant Leroy K. Young: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; waived any right to appeal from this Final Judgment; admitted the facts alleged in the Complaint and acknowledged that his conduct violated the federal securities laws. [Doc. No. 3-1.]

**II.    DISPOSITION**

Consistent with the foregoing and with the term of the parties' settlement, it is hereby ORDERED as follows:

1. Young is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:
    a) to employ any device, scheme, or artifice to defraud;
    b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
    c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

    As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph, (1(a)-1(c)), also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

2. Young is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale

of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    a) to employ any device, scheme, or artifice to defraud;

    b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph, (2(a)-2(c)), also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**3.** Young is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a

3

3:18-cv-02170-CAB-MDD

registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph, (3(a)-3(c)), also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

4. Young is liable for disgorgement of $336,450, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $18,923, and a civil penalty in the amount of $336,450 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Young shall satisfy this obligation by paying **$691,823** to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph 5 below after entry of this Final Judgment.

Young may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Young as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Young shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Young relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Young shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Young shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor

shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Young shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

5. Young shall pay the total of disgorgement, prejudgment interest, and penalty due of **$691,823** in **five** installments to the Commission according to the following schedule: (1) $69,182 within 14 days of entry of this Final Judgment; (2) $155,660.25 within 90 days of entry of this Final Judgment; (3) $155,660.25 within 180 days of entry of this Final Judgment; (4) $155,660.25 within 270 days of entry of this Final Judgment; and (5) $155,660.25 within 364 days of entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Young shall contact the staff of the Commission for the amount due for the final payment.

If Young fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

6. The Consent is incorporated herein with the same force and effect as if fully set forth herein, and Young shall comply with all of the undertakings and agreements set forth therein.

7. For purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Young. Any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Young under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Young of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

8. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

It is **SO ORDERED.**

Dated: September 25, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge